UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2011 AUG 25 P 1:12
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| RICHARD RYNEARSON, § | |
| § | |
| Plaintiff, § | Civil Action No. SA11CA0705XR |
| § | |
| vs. § | US CONSTITUTION, I, IV, V, |
| § | VIII, XIV AMENDMENTS |
| OFFICER EDWIN RICHTER, § | 42USC§1983 |
| INDIVIDUALLY; CHARLES WEIR, § | 42 USC§1985 |
| INDIVIDUALLY; SAM ADAMS, § | 42 USC§1988 |
| INDIVIDUALLY; CITY OF SAN ANTONIO, § | |
| AND CHIEF OF POLICE WILLIAM § | Pendant State Actions |
| MCMANUS, IN HIS OFFICIAL CAPACITY; § | |
| BEXAR COUNTY § | |
| § | Violations of Civil Rights and |
| Defendants. § | Official Oppression, et al. |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. RICHARD RYNEARSON, ("Plaintiff"), brings this action to address Violations of his Civil Rights, Official Oppression, Wrongful Prosecution and for compensatory, exemplary and punitive damages against Defendants OFFICER EDWIN RICHTER, ("Defendant Richter"); CHARLES WEIR, ("Defendant Weir"); SAM ADAMS, ("Defendant Adams"); CITY OF SAN ANTONIO ("Defendant City"); SAN ANTONIO CHIEF OF POLICE WILLIAM MCMANUS, ("Defendant McManus"); BEXAR COUNTY, ("Defendant County"); individually and in their official capacities because Defendants, jointly and severally, denied Plaintiff his civil rights and civil liberties guaranteed to him by the United States Constitution and laws.

2. Plaintiff was subjected to intentional, grotesque and humiliating force, which Plaintiff will prove was excessive because the force should have never happened under the circumstances; wrongful arrest; prosecutorial misconduct; and physical, mental and/or emotional assaults by Defendants. The Plaintiff's statements provide a graphic view of the pattern and practice of the San

Antonio Police Department's propensity to punish citizens who dare question their authority; the Prosecutor's wrongful actions in failing to provide exculpatory evidence on cases; and the lies by City Attorneys and Prosecutors in order to preserve evidence that would otherwise submit their employers to civil liabilities. But for such actions as herein described, citizens would never see how peace officers act in violation of the law and how, "the law becomes the lawless." Sometimes it is only the victims of this abuse, like Plaintiff who ever see the abusive, cruel and unusual conduct of officers, prosecutors and city attorneys who are entrusted with the authority and responsibility "To serve and protect." Instead, peace officers arrest, harass, punish and brutalize citizens for their own personal satisfaction and abuse the authority entrusted to them; the prosecutors mishandle cases and the city attorneys lie to protect the city's interest.

3. The images of this unnecessary incident, as further described by the Plaintiff's statements, not only reveal police officers' random, unprovoked and unauthorized acts, but also, they provoke a stark, unabashed look at the unconstitutional policies, customs and practices of the City of San Antonio and its Police Department, its City Attorney's Office; Bexar County and its District Attorney's Office and the failure of the Defendant McManus and Police Department to select, train, supervise, and discipline its officers. It was precisely these failures to select, train, supervise and discipline, and unconstitutional policies, customs and practices amounting to deliberate indifference to the rights of Plaintiff that motivated and/or incited the officers to callously disregard one of American society's well-established and basic principles of civil rights and civil liberties - the right to be free from brutal and violent force and oppression performed under the color of law with the intent to punish and the right to be free from wrongful and malignant prosecution.

4. Even more disturbing, as evidenced by identifiable and quantifiable patterns and policies of corruption by Defendant City through its Police Department and City Attorney's Office is the Municipal and County government's calculated and callous disregard for the rights and privileges

guaranteed all United States citizens; the extent to which prosecutors and city attorneys are in "cahoots" with police officers to continue to do wrongful arrests, wrongful prosecutions and the disregarding of individual civil rights including those of Bexar County and the City of San Antonio residents. The conduct described here (and in other similar cases before this Court,) we believe is strongly evincive of a situation of endemic corruption at the administrative levels of the Defendant City's Police Department and City Attorney's Office and County's District's Attorney's Office and /or within those governmental bodies, city and/or state, with oversight duties as to the police operations, prosecutors and city attorneys.

5.  Defendants caused, jointly and severally, through customs and a pattern, practice and policy of use of force, wrongful prosecution and prosecutorial misconduct and a propensity to cover-up such actions, the dehumanizing affliction, emotionally debilitating incident which forms the basis of this lawsuit. The recognition, affirmation and vindication of the Plaintiff's civil rights and civil liberties as a United States are sought by this action so as to dispel any future notions by Defendants that the Plaintiff, or any other American citizen, can be so callously treated and punished and denied their civil rights and civil liberties in contravention of federal constitutional rights and laws.

6.  This case is about the protection of civil rights, more specifically, the right that society has always sought to protect--the Freedom of Speech and the Freedom from Wrongful Prosecution. How a citizen and veteran of the United States of America can be treated with such disregard of his rights by officers, prosecutors and city attorney is still to be determined. More importantly, how can we, as a society, allow the abusive wrongful actions to go unpunished when Defendants knowingly violated the law of the land. Defendants City of San Antonio and Bexar County allowed this to happen to Plaintiff by their failure to select, train, supervise, punish, and remove other prior assailant officers from the force and by allowing prosecutors and city attorneys to manipulate the legal system for their convenience. Defendants' failure to supervise and train their officers, attorneys and

employees amounted to deliberate indifference towards Plaintiff's Constitutional rights.

7. Plaintiff seeks compensatory and punitive damages, to which he is entitled by law, in redress for his injuries sustained by him resulting from the illegal actions of the Defendants.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and § 1343. The recovery of damages is authorized by 42 U.S.C. §§1983, 1985(3) and 1988.

9. Venue is proper in this Court because Defendants are residents of and have their official offices in the Western District of Texas and all of the events giving rise to this suit occurred in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2).

## PARTIES

10. Plaintiff is an individual resident of the State of Florida who was stationed in Del Rio and who was traveling in San Antonio. He is a United States citizen.

11. Defendant Edwin Richter, an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

12. Defendant Charles Weir, an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

13. Defendant Sam Adams, an individual, is a resident of the State of Texas. Service of process may be effected upon said Defendant by serving Bexar County Judge Nelson Woolf, who will accept service of process at 101 W. Nueva 10th Floor, San Antonio, Texas 78204. Service of said

Defendant as described above can be effected by personal delivery.

14. Defendant City of San Antonio, an entity based in Texas, is organized under the laws of the State of Texas and service of process may be effected upon said Defendant by serving Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

15. Defendant San Antonio Chief of Police, William Mcmanus an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

16. Defendant Bexar County, an entity based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving Bexar County Judge Nelson Woolf, who will accept service of process at 101 W. Nueva 10th Floor, San Antonio, Texas 78204. Service of said Defendant as described above can be effected by personal delivery.

17. All above delineated Defendants are sued individually and in their official capacities as police officers and agents of the City of San Antonio and Bexar County except Chief William McManus who is solely being sued in his official capacity. At all times material hereto, Defendant officers were acting as agents and representatives of City of San Antonio in the performance of duties as police officers and attorneys of the City of San Antonio and Bexar County.

## FACTUAL BACKGROUND

18. Plaintiff RICHARD RYNEARSON is a Major in the United States Air Force, who had a promising military career before the incident made the basis of this law suit. Now, his chances for promotion to Lt. Colonel have been nullified by the wrongful actions of the aforementioned Defendants. On September 7, 2009 Mr. Rynearson was pulled over by Defendant Richter (an officer

of the San Antonio Police Department) for an "out of state" license plate *(emphasis added)* allegedly to ensure that Mr. Rynearson had a driver's license. Plaintiff asked Defendant Richter to confirm that he had randomly pulled him over "without cause," to which Defendant Richter reacted by stating "step out of the car." Immediately, Plaintiff handed Defendant his license and insurance as he exited the vehicle. As soon as Plaintiff got out of the car, Defendant Richter "handcuffed" Plaintiff forcefully. Defendant Richter asked Plaintiff "do you know that I am a police officer?" Plaintiff was perplexed at what had occurred and responded "do you know that I am a citizen of the United States?"

19. Defendant Richter arrested Plaintiff for allegedly failing to signal a lane change, even though the reason for the stop was an "out of state license." There was "No Traffic Violation," only a fabricated "pretext" that resulted in Plaintiff been charged and arrested. Since there was no traffic violation, the case was dismissed when no evidence was presented. Plaintiff had to spend thousands of dollars to defend his innocence. No Probable Cause existed to stop, detain or arrest Plaintiff. Defendant Richter "created" a phantom probable cause simply because he was annoyed by Plaintiff's questioning of his authority. Nowhere in his police report does Defendant Richter indicate that Plaintiff was aggressive in any way, shape, or form, but Plaintiff's "constantly saying that his rights were violated," was mentioned. No citation was issued for resisting arrest/detention, terroristic threat, or any potential offence other than the alleged "traffic violation." Plaintiff verbally challenged Defendant Richter by asking him questions and for that he was arrested. Plaintiff was asserting his First Amendment Rights, and for that he was arrested. Plaintiff was arrested for conduct that is not an offense based on Texas law and for which Plaintiff was not charged. As a result of this wrongful arrest, Plaintiff's military career was blemished.

20. Plaintiff's conduct consisted solely of "speech," which would be an affirmative defense to the statute against interference with the duties of a public servant found in the Texas Penal Code;

however, Plaintiff never interfered with Defendant's Richter duties nor was he acting with any criminal negligence. Nor did he interrupt, disrupt, imped or interfere with Defendant Richter. Plaintiff simply used speech as a form of expression. Defendant Richter stated in his report that "his verbally aggressive attitude along with constantly saying his rights were violated and refusal to cooperate lead to his arrest" Simply put, Defendant Richter was fishing for probable cause to effectuate a wrongful arrest.

21. Plaintiff was reprimanded by his military commanding officer for the arrest made the basis of this law suit. This arrest all but guaranteed that Plaintiff would not get promoted. Plaintiff went from a "hero to zero," in less than one day as a result of the wrongful arrest and wrongful prosecution simply because Plaintiff asserted his Constitutionally Protected Right "Freedom of Speech!"

22. During the litigation of the criminal case, Plaintiff was represented by an attorney who requested exculpatory evidence under the *Brady* standard. Defendant Charles Weir, from the City of San Antonio Attorney's office refused to release some information without an in camera review. Under *Brady*, the prosecutors were required to inform criminal defendants whenever a law enforcement official (such as Defendant Richter) involved in their cases, had sustained a record of lying in an official capacity. Defendant Richter had records of lying Twice in his official capacity. Defendant Charles Weir failed to promptly release the required information under Brady. Defendant Charles Weir overstepped his authority as a city attorney in violation of Plaintiff's rights. On the day of trial Defendant Charles Weir approached the prosecutor for the case, Defendant Sam Adams of Bexar County District Attorney's Office, and spoke privately with him. Soon thereafter, Defendant Adams tendered a Motion to Dismiss the case claiming that Defendant Richter had failed to appear to court and that Defendant Adams could not try the case to a jury. This was a lie since Defendant Richter was sitting a few feet away from Plaintiff and his attorney. Defendant Sam Adams

overstepped his authority as a deputy district attorney in violation of Plaintiff's rights. When Plaintiff's criminal attorney asked Defendant Adams to confirm that Defendant Richter was not present, Defendant Adam's "pretext of checking" the officers sign in sheet and informed Plaintiff's attorney that Defendant Richter had not signed in and was not present; however, Plaintiff's attorney obtained a copy of the sign in sheet with Defendant Richter's signature on it. Defendant Adams lied to Plaintiff's criminal attorney and to the judge in the criminal case since the Motion to Dismiss had "material misrepresentations" in it. Why? Defendant Adams failed to promptly disclose the same materials required by the *Brady* standard to Plaintiff's criminal defense attorney. This practice is well established and a custom in Bexar County and in the City of San Antonio where prosecutors go through great lengths to conceal material evidence or not provide exculpatory evidence in criminal cases in order to protect the pecuniary interest of Bexar County and the City of San Antonio.

23.     From the initial arrest of Plaintiff, and during the discovery period including pre-trial motions and leading up to the trial, Defendants Richter, Weir and Adams have conspired to make a case against Plaintiff without any Probable Cause, evidence, and/or in violation of *Brady* standards and Plaintiff's Constitutional Rights. The constant lying and concealment of evidence that would be contrary to employer's pecuniary interest, is indicative of the pattern of wrongful prosecutions, conspiracies and continued violations of the people's "protected civil rights," simply because cops, prosecutors and city attorneys that work for Bexar County and the City of San Antonio have been doing the same for years and no one has challenged them. These "secret plots" to do all that is necessary in order to arrest, and convict the innocent citizens of Bexar County and the City of San Antonio "at all costs" in order to achieve a malevolent plan (a supposedly great rate of prosecution success), is done by powerful and cunning conspirators and hidden by their some times noble cause of "prosecuting" criminals. The cops, prosecutors and city attorneys continue to conspire because they

are granted "qualified immunity," and not too many citizens are willing or able to stand against all odds, knowing that some other repercussion may arise, if any of the conspirators are ever challenged in court.

24. Defendant William McManus knew or should have reasonably known of Defendant Richter's prior wrongful conduct but failed to supervise or train Defendant Richter and such inaction resulted in Plaintiff's constitutional rights being violated. Defendant City of San Antonio employs Defendants Richter and Weir and has all the records that were not provided to Plaintiff as required by the *Brady* standard and has conspired with all other Defendants to prevent disclosure in order to prevent civil liabilities to be exposed as a result of Plaintiff's wrongful arrest and malicious prosecution. Defendant Bexar County employs Defendant Adams and has conspired with all other Defendants to prevent disclosure in order to prevent civil liabilities to be exposed as a result of Plaintiff's wrongful arrest and malicious prosecution. All Defendants herein are aware of the ongoing methodology of wrongful arrest, official oppression and civil rights violations by the cops and the prosecutors involved in these type of cases. All Defendants herein are aware of the ongoing conspiracy in order to wrongfully arrest and wrongfully prosecute innocent victims.

25. Defendant City through its Police Department has a policy that allows police officers to use "excessive force" even in cases where Plaintiff only challenges a police officer with words. The Policy in Place is the "Force Continuum" and it allows all police officers to use force, more than necessary, even in circumstances such as the ones Plaintiff herein described. Plaintiff's freedom of speech was infringed by this policy because Defendant Richter was allowed to use force on a non-combatant, non-violent, non-challenging citizen simply by knowing that Defendant Richter was protected under the "force continuum" if he used the proper words in his report and if he helped the prosecutors and city attorneys with the prosecution of the case. All Plaintiff did was speak, but Defendant Richter felt the need to arrest Plaintiff for questioning his authority in a peaceful way.

Defendant Richter misused the language to "arrest" Plaintiff. In reality, he did not have the probable cause to arrest Plaintiff, but because of the "force continuum" policy in place, he knew he was going to be protected. Defendant Richter was further protected by "qualified immunity," an obstacle that Plaintiff is challenging since Plaintiff is not a criminal, nor was acting in any way criminally. Defendant Richter arbitrarily and capriciously selected Plaintiff to stop him in violation of his constitutional rights. Defendant Richter was simply allowed to arrest Plaintiff pursuant to the Defendant City and the Police Department's Policies that were in place at the time of the incident, even though Defendant Richter had No Legal Reason to arrest Plaintiff.

## ALLEGATIONS

26. As a result of the above and foregoing conduct of Defendants, a citizen affronted by the misconduct alleged herein has suffered, and will continue to suffer, great mental anguish, anxiety, humiliation and emotional injuries to his body, accompanied by pain and suffering–when an officer uses excessive force–in order to effectuate an unlawful arrest for actions which are clearly protected by the United States Constitution.

27. At the time and place as above stated, Defendants Richter, Weir and Adams, were acting in their official capacities as Officers, City Attorneys and Prosecutors of Bexar County and the City of San Antonio and by their intentional acts, under the color of authority, and official oppression, violated the civil rights of and caused injury to Plaintiff and deprived Plaintiff of his Constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§1983 and 1985(3) and 1988.

28. At the time of the event in question, Chief William McManus, through his intentional acts of malfeasance, omissions, neglect, and failure to select, train, supervise, discipline, remove and prosecute his subordinate Officers, deprived Plaintiff of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and under

42 U.S.C. §§1983 and 1985(3), and 1988, or alternatively, Chief William McManus was guilty of common law negligence proximately resulting in the injuries and damages sustained by Plaintiff.

29. Defendant Bexar County is guilty of wrongful hiring, training, supervising, disciplining, and maintaining public servants of the quality and character of Defendant Adams. Defendant County is guilty of promulgating regulations, ordinances and policies that allow Defendants to disregard Plaintiff's constitutional rights. Defendant County is grossly negligent in entrusting Defendant Adams in keeping of the peace and the prosecution of this case, and placing him in a position where he can create and cause such deprivation of rights and liberties, endangering the citizens he was employed to protect by oath. These wrongful acts proximately caused the injuries and damages complained of by Plaintiff.

30. At the time of the event in question, Defendant City of San Antonio, through the intentional acts of malfeasance, omissions, neglect, and failure to select, train, supervise, discipline, remove and prosecute the subordinate officers and city attorneys deprived Plaintiff of his Constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§ 1983 and 1985(3), and 1988, or alternatively, Defendant City of San Antonio was guilty of wrongful acts proximately resulting in the injuries and damages sustained by Plaintiff.

31. Defendant City is guilty of wrongful hiring, training, supervising, disciplining, and maintaining public servants of the quality and character of the Defendant officer and city attorney. Defendant City is guilty of promulgating regulations, ordinances and policies that allow Defendant Officer and city attorney to disregard Plaintiff's constitutional rights. Defendant City is grossly negligent in entrusting Defendants Richter and Weir in keeping of the peace and the prosecution of cases, and placing them in positions where they can create and cause such deprivation of rights and liberties and endanger citizens they are employed to protect by oath. These wrongful acts proximately

caused the injuries and damages complained of by Plaintiff.

32. As a result of the violations of Plaintiff's civil rights, privilege and immunities, equal protections of the laws and civil liberties, as herein set out, and the wanton, reckless and wrongful disregard of the safety and reputation by actions of Defendants herein, Plaintiff suffered severe anxiety, mental anguish, injuries, humiliation, loss of income, legal bills, present and future, as well as mental pain and suffering. As a result thereof, Defendants are jointly and severally bound and liable to Plaintiff herein in the sum of not less than One Million Dollars($1,000.000.00) for which sum Plaintiff respectfully prays.

33. Plaintiff's arrest was accompanied by acts far in excess of that necessary to effect such arrest, resulting in pain and suffering being sustained by Plaintiff, particularly because the detainment and arrest was wholly wrongful due to a lack of Probable Cause.

34. Defendants County, City, and Mcmanus, are liable for the conduct of Defendant officers, city attorney and prosecutor while they are acting within the course and scope of their employment. Defendant County, City, and Mcmanus instituted, authorized, ratified, and/or approved the conduct exhibited by the Defendants Richter, Weir, and Adams. Such conduct constituted the deprivation of the civil rights and civil liberties of the Plaintiff. Additionally, Defendants County, City, and Mcmanus instituted policies which created and still create a climate in which the type of abusive behavior exhibited by said Defendants was allowed to occur. Defendant Mcmanus, in effect, ratified and approved such behavior by its officers by failing to take appropriate training, supervision, and disciplinary measures and by ignoring abusive conduct on the part of its officers, both prior to the event and thereafter. Additionally, the Defendant City ratified and condoned the abusive behavior of its officers and attorneys by failing to select, train, supervise and institute appropriate disciplinary systems, suppressing citizen complaints, and by allowing this abusive behavior towards citizens who

complain of excessive force by police to go unpunished. This official policy authorizing, ratifying, allowing and/or approving such abusive conduct which is so common and settled so as to constitute a custom that fairly represents the City's Governmental policy. Finally, Defendant County ratified and condoned the behavior of its Police department and Defendant Richter by failing to select, train, supervise and institute appropriate disciplinary systems and by allowing this abusive behavior to go unpunished and by allowing such deputies to remain on the police force. Additionally, the official policy authorizing, ratifying, allowing and/or approving such abusive behavior which is so common and settled so as to constitute a custom that fairly represent City and/or County Governmental policy.

35. As a direct causal result of the force and detainment, Plaintiff suffered pain, injuries to his body, both mental and physical, causing economic and other costs, and will, in all probability, continue to suffer damages in the future as a result of the conduct of Defendants.

36. As a direct causal result of the Defendants' illegal actions, Plaintiff was required to employ the legal services of The Baez Law Firm, P.C., for the prosecution of his claims against all defendants, jointly and severally, a claim for which is made and authorized by law.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

37. The allegations contained in Paragraphs 1 through 36 are incorporated here by reference, the same as if fully set forth verbatim.

38. **US CONSTITUTION I, IV, V, VIII, XIV AMENDMENTS.** Defendants, jointly and severally, intentionally and or recklessly denied Plaintiff the full and equal benefit of all laws, including due process by abridging his freedom of speech, conducting an unreasonable search and seizure of Plaintiff without probable cause, abusing their governmental authority in a legal proceeding, imposing excessive bail as applied through the States through the fourteenth amendment

of the Constitution of the United States causing Plaintiff's damages as alleged herein.

## SECOND CLAIM FOR RELIEF

39. The allegations contained in Paragraphs 1 through 36 are incorporated herein by reference the same as if fully set forth verbatim.

40. **42 U.S.C. §1983.** Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, by performing the following acts:

    a. Subjected Plaintiff to unnecessary physical and unreasonable force, without probable cause and in retaliation for Plaintiff's exercise of his First Amendment Rights;

    b. Interfered with Plaintiff's rights to seek redress for his injuries by covering up law enforcement misconduct and filing a false police report, allowing the wrongful prosecution of the Plaintiff, abusing the governmental authority given to police officers, city attorneys and prosecutors in order to prevail in the wrongful prosecution, non-production of exculpatory evidence and non-compliance with *stare decisis* in order to protect employers pecuniary interest;

    c. Interfered with Plaintiff's First Amendment Rights, Due Process and Equal Protections of the Law.

## THIRD CLAIM FOR RELIEF

41. The allegations contained in Paragraphs 1 through 36 are incorporated herein by reference the same as if fully set forth verbatim.

42. **42 U.S.C. §1985(3).** Defendant, Richter, Weir and Adams, conspired to deprive Plaintiff of having and exercising any rights or privileges of a citizen of the United States for the

purpose of achieving a malevolent plan in order to:

    a.    Deprive Plaintiff of the equal protections of the law;

    b.    Deprive Plaintiff of the due process of law; and

    c.    Obtain a wrongful prosecution, and abuse of governmental authority in order to try to obtain a conviction of Plaintiff.

## FORTH CLAIM FOR RELIEF

43. The allegations contained in Paragraphs 1 through 36 are incorporated herein by reference the same as if fully set forth verbatim.

44. **42 U.S.C. §1988.** Applicability of Statutory and Common Law.

    a..    The jurisdiction in civil and criminal matters conferred on the District Courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the Constitution and Statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

    b.    In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et

seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

c. In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1983 or 1985 of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

## FIFTH CLAIM FOR RELIEF

45. The allegations contained in Paragraphs 1 through 36 are incorporated herein by reference the same as if fully set forth verbatim.

46. **MALICIOUS PROSECUTION.** Applicability of Statutory and Common Law. Defendant, Richter, Weir and Adams, conspired to Maliciously Prosecute, and Maliciously Prosecuted Plaintiff. As a result, Plaintiff was deprived of having and exercising any rights or privileges of a citizen of the United States during a criminal prosecution. The termination of the prior criminal proceeding was in favor of the Plaintiff.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be served with process and answer herein and that, upon a final hearing, the Court find for Plaintiff against Defendants; that the Plaintiff recover, jointly and severally, statutory compensatory damages for One

Million Dollars ($1,000,000.00), and or exemplary damages against each of the individual Defendants in an amount sufficient to punish each of the individual Defendants and that is sufficient to punish and/or to deter and make an example of those Defendants in order to prevent similar conduct in the future for One Million Dollars ($1,000,000.00); reasonable and necessary attorneys' fees and expenses of litigation including experts fees, Court prejudgment and post judgment interest and any other general relief.

Respectfully submitted,

THE BÁEZ LAW FIRM, P.C.

By: _____
Edgardo R. Báez
Texas Bar No. 24048334
1100 N.W. Loop 410, Suite 365
San Antonio, Texas 78213
Phone: (210) 979-9777
Fax:     (210) 979-9774

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL**