UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD RYNEARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-11-CA-0705-XR** |
| | ) | |
| **OFFICER EDWIN RICHTER,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On this date, the Court considered Defendant's Motion for Summary Judgment (docket no. 42) and Plaintiff's Response thereto (docket no. 49).  After careful consideration, the Court DENIES the Motion.

## Background

On September 7, 2009, Plaintiff was driving in San Antonio, Texas when Defendant, in his official capacity as an officer with the San Antonio Police Department, signaled for Plaintiff to pull his vehicle over and stop.   Plaintiff claims he was in full compliance with all traffic laws, but Defendant claims Plaintiff failed to signal before changing lanes, a violation of  section 545.104 of the Texas Transportation Code.  Exactly what transpired during the traffic stop is also in dispute.

Plaintiff claims that when he asked Defendant why he had been stopped, Defendant stated that he wanted to verify if Plaintiff had a valid driver's license because his vehicle had out-of-state license plates.  Plaintiff claims he had his driver's license and proof of insurance in hand in preparation of handing them to Defendant, but first asked Defendant whether the stop was lawful. Plaintiff claims Defendant responded by ordering Plaintiff out of his car and placing him under arrest.

Defendant, on the other hand, contends Plaintiff failed to display his license and proof of

insurance, in violation of section 521.025 of the Texas Transportation Code, despite several requests. Defendant claims Plaintiff only handed over the items after he was told he was under arrest. Defendant claims the refusal gave him probable cause to arrest Plaintiff. Though the stated reason on the citation for Plaintiff's arrest was failure to signal a lane change, Defendant claims he could have listed the failure to display license and proof of insurance as a violation as well.

Plaintiff sued Defendant and others, but subsequently dropped all defendants except for Defendant Richter, in his individual capacity. Plaintiff sues Defendant Richter under 42 U.S.C. § 1983, alleging: (1) Defendant violated his Fourth Amendment right to be free from unreasonable searches and seizures, and (2) Defendant violated his First Amendment right because Defendant arrested Plaintiff in retaliation for Plaintiff's speech. Defendant moves for summary judgment on both of these claims.

## Summary Judgment Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "There is no genuine issue for trial '[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.'" *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999)). The court reviews the evidence in the light most favorable to the non-moving party. *See Carnaby*, 636 F.3d at 187 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). However, the court must not weigh the evidence or determine the truth of the matter. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party fails to meet its burden, the motion is denied. *See Liquid Air Corp.*, 37 F.3d at 1075. But if the burden is met, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *See id.* at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## Analysis

The parties dispute many facts in this case. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

### 1. Fourth Amendment Claim

Defendant argues that he did not violate Plaintiff's Fourth Amendment right because he had probable cause to detain Plaintiff.  Specifically, Defendant claims he stopped Plaintiff for failure to signal a lane change.  However, Plaintiff claims that he followed all traffic laws and that Defendant informed him he had been stopped to verify that he had a valid driver's license because his vehicle had out-of-state license plates.

### A. Genuine Issues of Material Fact

The first issue that the Court must consider is whether Defendant had probable cause to stop Plaintiff. Section 521.025(b) of the Texas Transportation Code provides that "[a] peace officer may stop and detain a person operating a motor vehicle to determine if the person has a driver's license." However, random license checks, other than roadblock-type stops, violate the Fourth Amendment. *See U.S. v. Venegas-Sapien*, 762 F.2d 417, 419 (5th Cir. 1985) (citing *Delaware v. Prouse*, 440 U.S. 648, 656, 99 S.Ct. 1391, 1397, 59 L.Ed.2d 660 (1979)).  A peace officer must have "at least articulable and reasonable suspicion that a motorist is unlicensed . . . or that either the vehicle or an occupant is otherwise subject to seizure for violation of law" to stop a vehicle and detain the driver to check his license.  *See Prouse*, 440 U.S. at 663; *U.S. v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005) ("For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity [e.g., driving without a valid license] occurred, or is about to occur, before stopping the vehicle."). Simply having out-of-state license plates does not raise reasonable suspicion that the driver is unlicensed.  *See Prouse*, 440 U.S. at 661 (determining that "there is no basis for concluding that stopping . . . out-of-state cars for document checks substantially promotes the State's interest").  Here, if Defendant stopped Plaintiff to check his driver's license based on the mere fact that he had out-of-state license plates, as Plaintiff contends, then the traffic stop would not have been justified.  If, however, Defendant stopped Plaintiff because he failed to signal before changing lanes, the stop would have been justified. Consequently, because a fact issue exists as to whether Plaintiff failed to signal before changing lanes, there is a genuine dispute as to whether Defendant had probable cause to stop Plaintiff.

Defendant next argues that he had probable cause to arrest Plaintiff based on two traffic violations: (1) failure to signal a lane change in violation of section 545.104 of the Texas

Transportation Code; and (2) failure to display his license upon demand in violation of section 521.024(a)(2) of the Texas Transportation Code.  An arrest must be supported by probable cause to be lawful.  *See Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004) (citing *Hinshaw v. Doffer*, 785 F.2d 1260, 1266 (5th Cir. 1986)).  But if such probable cause exists, the Fourth Amendment does not forbid a "warrantless arrest for a minor criminal offense."  *See Atwater v. City of Lago Vista*, 532 U.S. 318, 323, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (upholding a warrantless arrest for a misdemeanor seatbelt violation).  Section 543.001 of the Texas Transportation Code provides that a police officer may arrest a person, without a warrant, who commits a traffic violation.  Furthermore, Texas law allows a police officer to "arrest an offender without a warrant for any offense committed in his presence or within his view."  *See* Tex. Code Crim. P. 14.01(b); *Garcia v. State*, 218 S.W.3d 756, 760 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  Thus if Plaintiff did, in fact, fail to signal before changing lanes or fail to display his license upon Defendant's demand, then Defendant did have both the constitutional allowance and statutory authority to arrest Plaintiff.

In viewing the evidence, the Court must determine whether a reasonable juror *could* not find for Plaintiff, not whether a reasonable juror *would* not find for Plaintiff.  *See Carnaby*, 636 F.3d at 187 (citing *Kipps*, 197 F.3d at 768).  Defendant listed failing to signal as the traffic violation in the incident report.  *See* Pl.'s Ex. B.  However, the citation was dismissed because Defendant failed to appear in court.  *See* Pl.'s Ex. E.  Plaintiff also insists he did signal to change lanes as he was complying with all traffic laws.  Pl.'s Ex. C.  Thus, a genuine issue of material fact exists as to whether Plaintiff failed to signal.

"Even if there was not probable cause to arrest the plaintiff for the crime charged [failing to signal a lane change], proof of probable cause to arrest the plaintiff for a related offense [failing to display a driver's license upon request] is also a defense [to a section 1983 claim]."  *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).  Neither party disputes that Plaintiff had his license and proof of insurance in hand by the time Defendant approached his vehicle.  Plaintiff argues he did "display" the documents, but in the process of handing them over, he questioned the legality of the stop.  Pl.'s Ex. A, at 40–41; Pl.'s Ex. C.  Plaintiff contends that Defendant requested the documents only one time before ordering Plaintiff to step out of his vehicle.  Pl.'s Ex. A, at 42;

Pl.'s Ex. C.  Plaintiff claims he handed the documents to Defendant after he was ordered to exit the vehicle, and Defendant subsequently arrested him.  Pl.'s Ex. A, at 42–45.  Defendant, on the other hand, contends in the incident report and his deposition that he requested the documents "several" times.  Pl.'s Ex. B; Pl.'s Ex. D, at 45–46.  Defendant claims it was only after he told Plaintiff he would arrest him if he did not surrender the documents that Plaintiff complied with the requests.  Pl.'s Ex. D, at 46.  Both Plaintiff and Defendant agree that these events happened "in a matter of seconds."  Pl.'s Ex. A, at 45; Pl.'s Ex. C; Pl.'s Ex. D, at 58.  As such, there is a genuine dispute as to whether Plaintiff's actions constitute a refusal to display his driver's license and proof of insurance upon Defendant's demand.

**B. Qualified Immunity Defense**

Defendant asserts the defense of qualified immunity, arguing that a reasonable police officer could have believed that he had probable cause to arrest the Plaintiff.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

Plaintiff has the burden to rebut the qualified immunity defense "by establishing a genuine fact issue as to whether the [officer's] allegedly wrongful conduct violated clearly established law." *Id.* at 991 (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).  "[T]he plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) (quoting *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009)).  "In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper." *Brown*, 623 F.3d at 253 (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)).  All inferences are drawn in favor of Plaintiff.  *Id.*

As discussed *supra*, a factual dispute exists as to whether Plaintiff violated any traffic laws, including failing to signal prior to changing lanes and refusing to display his driver's license.  Because these material facts are disputed, the Court cannot determine how a reasonable officer could have acted.  Thus, although Defendant provided an expert opinion of what a reasonable police officer could have done (Def.'s Ex. C), such conclusions cannot be drawn until the disputed facts are

resolved.  Consequently, because a factual dispute must be resolved in order to make the qualified immunity determination, a material fact issue exists sufficient to defeat summary judgment.  *See Manis*, 585 F.3d at 843 (citing *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 483 (5th Cir. 2001)).  Accordingly, Defendant's motion for summary judgment as to Plaintiff's claim alleging a violation of his Fourth Amendment rights must be denied.

**2. First Amendment Claim**

Defendant also moves for summary judgment on Plaintiff's section 1983 claim that alleges a violation of Plaintiff's First Amendment rights.  Defendant argues that he did not arrest Plaintiff in retaliation for his speech, but rather arrested Plaintiff because he had probable cause to do so for both of the two previously mentioned traffic violations.  Plaintiff, however, argues that a factual dispute exists as to the basis for the arrest: namely, Plaintiff argues that a dispute exists as to whether Plaintiff's conduct constituted a traffic violation or whether the arrest was carried out because Plaintiff questioned the reason for, and the legality of, the stop.

**A. Reason for Arrest**

Again, genuine issues of material fact exist as to whether Plaintiff failed to signal a lane change, failed to display his license, and thus whether Defendant had probable cause for Plaintiff's arrest.  These disputed facts, as well as additional disputed facts, underlie Plaintiff's First Amendment claim.  Defendant wrote in the incident report that Plaintiff's "verbally aggressive attitude, along with constantly saying that his rights were violated[,] and refusal to cooperate lead [sic] to his arrest." Pl.'s Ex. B.  Plaintiff, on the other hand, claims that he complied with orders and was arrested merely because he expressed concerns about the legality of the stop and that his rights had been violated. Pl.'s State. Disp. Facts ¶ 26; Pl.'s Ex. A, at 42-43.  Thus, a fact issue exists as to whether Plaintiff was arrested for committing a traffic violation or because of his speech.

**B. Qualified Immunity**

Defendant again argues that he is shielded from civil liability through qualified immunity. "[T]he qualified-immunity inquiry has two prongs: (1) whether an official's conduct violated a constitutional right of the plaintiff, and (2) whether that right was clearly established at the time of the violation." *Rockwell*, 664 F.3d at 990–91 (citing *Brown*, 623 F.3d at 253).  For the First Amendment claim, Defendant argues that the law was not clearly established at the time of

Plaintiff's arrest that an arrest supported by probable cause could form the basis for a retaliatory arrest claim.  However, the Court  need not address Defendant's argument at this time. Genuine issues of material fact exist as to whether the arrest was supported by probable cause.  Thus, because the qualified immunity defense turns on whether the arrest was supported by probable cause, the Court cannot resolve whether qualified immunity applies. Accordingly, Defendant's motion for summary judgment as to Plaintiff's claim under the First Amendment must be denied as well.

### Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment (docket no. 42).

It is so ORDERED.

SIGNED this 9th day of November, 2012.


_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE